David Fiol, Bar No. 203546
dfiol@brentfiol.com
Zahra Parekh, Bar No. 352906
zparekh@brentfiol.com
**BRENT & FIOL, LLP**
1000 4th Street, Suite 580
San Rafael, CA 94901
415-839-8370 Phone; (415) 373-4420 Fax

*Attorney for Plaintiffs Joseph Green and Michelle Espinoza*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH GREEN and MICHELLE ESPINOZA,<br><br>Plaintiffs,<br><br>-vs-<br><br>CALIFORNIA HIGHWAY PATROL OFFICER ABEL MORAN, CALIFORNIA HIGHWAY PATROL OFFICER MICHAEL TEAGUE, CALIFORNIA HIGHWAY PATROL OFFICER JUAN ALVARADO-FLORES, in their individual capacities, and DOES 1 – 20,<br><br>Defendants. | CASE NO. 3:25-cv-07654-JCS<br><br>**STIPULATION AND ~~[PROPOSED]~~ ORDER FOR FILING OF FIRST AMENDED COMPLAINT** |

TO THE HONORABLE COURT:

Whereas, Plaintiffs Joseph Green and Michelle Espinoza ("Plaintiffs") filed their original complaint on February 2, 2024, which named Defendants Moran and Teague as the sole defendants;

WHEREAS, Plaintiffs did not have sufficient facts at the time they filed their initial complaint to identify the full names of Defendants Moran and Teague, or the third officer who was involved with the incident;

WHEREAS, Plaintiffs stated in the Joint Case Management Statement (Dkt. No. 12) that they intended to amend their pleadings and substitute one of the Doe defendants of the case;

WHEREAS, Plaintiffs have in the course of investigation now obtained information to

1

STIPULATION AND ~~[PROPOSED]~~ ORDER FOR FILING OF FIRST AMENDED COMPLAINT

establish the full names of both of the previously named defendants, Defendants Abel Moran and Michael Teague, and to substitute one of the Doe defendants as Defendant Juan Alvarado-Flores ("Alvarado-Flores");

NOW, therefore, Plaintiffs and Defendants, agree and stipulate as follows:

1. Plaintiffs may file a First Amended Complaint in the form of the attached; and

2. Defendants Moran, Teague, and Alvarado-Flores waive notice and service of the First Amended Complaint.

DATED:   January 27, 2025.          **BRENT & FIOL, LLP**

By:_____/s/_____

David Fiol
Zahra Parekh
Attorneys for Plaintiffs

DATED: January 27, 2025     **California State Attorney General's Office**

By:___*Truman Phan-Quang*_____

Rohit Kodical
Truman Phan-Quang
Attorneys for Defendants

**IT IS SO ORDERED.**

DATED: ___February 2, 2026_____

_____

Magistrate Judge Joseph C. Spero

2

STIPULATION AND [PROPOSED] ORDER FOR FILING OF FIRST AMENDED COMPLAINT

# EXHIBIT 1

David Fiol, Bar No. 203546
dfiol@brentfiol.com
Zahra Parekh, Bar No. 352906
zparekh@brentfiol.com
**BRENT & FIOL, LLP**
1000 4th Street, Suite 580
San Rafael, CA 94901
415-839-8370 Phone; (415) 373-4420 Fax

*Attorney for Plaintiffs Joseph Green and Michelle Espinoza*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH GREEN and MICHELLE ESPINOZA,<br><br>Plaintiffs,<br><br>-vs-<br><br>CALIFORNIA HIGHWAY PATROL OFFICER ABEL MORAN, CALIFORNIA HIGHWAY PATROL OFFICER MICHAEL TEAGUE, CALIFORNIA HIGHWAY PATROL OFFICER JUAN ALVARADO-FLORES, in their individual capacities, and DOES 1 – 20,<br><br>Defendants. | CASE NO. 3:25-cv-07654-JCS<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br>1. Unreasonable Search and Seizure—Search Without a Warrant (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure—Detention, Custody, and Control (42 U.S.C. § 1983)<br>3. False Arrest (Cal. Govt. Code § 820)<br>4. Intentional Infliction of Emotional Distress<br>5. Violation of Bane Act (Civ. C. § 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

As and for a complaint against each DEFENDANT, PLAINTIFFS JOSEPH GREEN and MICHELLE ESPINOZA allege:

## I.  <u>INTRODUCTION</u>

1.     This civil rights and state tort action seeks compensatory and punitive damages for the unreasonable and unconstitutional detention of Plaintiffs by Defendants ABEL MORAN ("MORAN"), MICHAEL TEAGUE ("TEAGUE"), and JUAN ALVARADO-FLORES ("ALVARADO-FLORES")

-1-
FIRST AMENDED COMPLAINT

on January 13, 2023.

2.     Defendants MORAN and TEAGUE falsely unconstitutionally arrested Plaintiffs for being under the influence of alcohol or drugs, despite his testing negative on a breathalyzer test, showing no other objective signs of intoxication.

3.     After Plaintiff JOSEPH GREEN was taken into custody, Plaintiff MICHELLE ESPINOZA was prevented from driving their car home, and was driven to and abandoned by CHP Officers on a dark, deserted street.

4.     Defendants acted according to the policies and practices of CHP by taking Plaintiffs into custody without probable cause, which is wholly unconstitutional. This action seeks to hold accountable Defendants who are responsible for the detention and custody of Plaintiffs without probable cause.

## II.     THE PARTIES

5.     At all relevant times, Plaintiff JOSEPH GREEN ("GREEN") was an individual residing in 2842 Pansy Court, in Stockton, California.

6.     At all relevant times, Plaintiff MICHELLE ESPINOZA ("ESPINOZA") was an individual residing in 2842 Pansy Court, in Stockton, California.

7.     Defendant MORAN ("MORAN") was at all times mentioned herein an officer employed by the California Highway Patrol ("CHP"), acting under the color of law in the course and scope of his employment as an officer for the CHP.

8.     Defendant MICHAEL TEAGUE ("TEAGUE") was at all times mentioned herein an officer employed by the California Highway Patrol ("CHP"), acting under the color of law in the course and scope of his employment as an officer for the CHP.

9.     Defendant JUAN ALVARADO-FLORES ("ALVARADO-FLORES") was at all times mentioned herein an officer employed by the California Highway Patrol ("CHP"), acting under the color of law in the course and scope of his employment as an officer for the CHP.

10.     Defendants Does 1 - 20 inclusive are supervisors, fellow employees or others who are

-2-

FIRST AMENDED COMPLAINT

legally responsible in some manner for the events and happenings referred to here, and proximately and legally caused injury and damage to Plaintiffs.

### III.    JURISDICTION AND VENUE

10.    This action was originally filed in the Superior Court of California, County of Alameda.

11.    Defendant CHP was served on January 8, 2025. Defendants Teague and Moran were served on August 10, 2025. Defendants subsequently removed this action to federal court on September 9, 2025 (Dkt. No. 1).

12.    This Court has original jurisdiction over this action because it arises under the United States Constitution and laws of the United States. 28 U.S.C. § 1331. The Complaint asserts a cause of action based on 42 U.S.C. § 1983 for violation of civil rights under the United States Constitution, and seeks redress under the Constitution and the laws of the United States.

13.    This Court has supplemental jurisdiction over Plaintiffs' state-law causes of action, because they are "so related to claims in the action" over which the Court has original jurisdiction "that they form part of the same case or controversy."  28 U.S.C. § 1367(a).

14.    Venue is proper in the Northern District of California, because it is the district embracing the Superior Court of California, County of Alameda.  28 U.S.C. § 1441(a).

### IV.    FACTUAL ALLEGATIONS

15.    On or about January 13, 2023, Plaintiff GREEN drove down highway 580 in Pleasanton, California, with Plaintiff ESPINOZA seated beside him. GREEN was not impaired by alcohol, marijuana, or any other intoxicating substance at the time.

16.    At about 2:00am, Defendants MORAN and TEAGUE made a traffic stop, supposedly because Plaintiff Green had exceeded the speed limit. Plaintiff GREEN was asked to produce his driver's license and vehicle registration.

17.    Without any reason to suspect that GREEN was intoxicated, Defendant TEAGUE asked Plaintiff GREEN how much he had to drink. Plaintiff GREEN responded that he does not drink alcohol.

-3-
FIRST AMENDED COMPLAINT

18.    Neither of the Plaintiffs drank alcohol or ingested any drugs within 24 hours prior.

19.    Without any probable cause, and without any evidence or indication that either Plaintiff had consumed alcohol, Officer TEAGUE ordered Plaintiff GREEN to exit his automobile and conducted a full body search of Plaintiff GREEN. Officer TEAGUE removed all objects on Plaintiff GREEN'S person and placed them on the patrol car. This search was without Plaintiff GREEN's consent, reasonable suspicion, a warrant, or probable cause.

20.    Officer TEAGUE then demanded that Plaintiff GREEN take a field sobriety test. Plaintiff GREEN suggested using a breathalyzer instead to confirm his sobriety.

21.    After Plaintiff GREEN used the breathalyzer, he received a negative result for alcohol.

22.    Despite this, Officer TEAGUE arrested Plaintiff GREEN for being under the influence. Plaintiff GREEN'S arrest was without reasonable suspicion, probable cause, absent any exigent circumstances, and in violation of his right to be free of unreasonable seizures. Plaintiff GREEN was placed in handcuffs and forcibly seated inside the back of the patrol vehicle.

23.    Plaintiff GREEN'S car was subsequently searched, without his consent, a warrant or probable cause, in violation of his right to be free from unreasonable searches.

24.    Plaintiff GREEN was taken to Santa Rita County Jail. A blood alcohol test was performed, for which Plaintiff Green tested negative.

25.    Plaintiff Green was also tested for marijuana, for which he tested positive, despite not having smoked anything that night. The test results were not sufficient to suggest that GREEN was impaired at the time of his arrest.

26.    Plaintiff GREEN was booked into Santa Rita County for a violation of Vehicle Code § 23152(f) and detained overnight. Plaintiff GREEN was ordered to appear in court on February 14, 2023, on which day he was informed that no charges had been filed.

27.    However, because Plaintiff GREEN was arrested for a violation under the Vehicle Code, Plaintiff Green's driver's license was suspended by the Department of Motor Vehicles ("DMV"). After review by the DMV, the revocation of Plaintiff GREEN'S driver's license was set aside on March 21,

FIRST AMENDED COMPLAINT

2023, and Plaintiff was permitted to drive again.

28. Following Plaintiff GREEN'S arrest, Defendants demanded Plaintiff ESPINOZA for her driver's license and was ordered to get out of Plaintiff GREEN'S vehicle.

29. Plaintiff ESPINOZA requested to use Plaintiff GREEN'S vehicle to drive to herself home, but Defendants refused her request.

30. Instead, Defendants MORAN and TEAGUE ordered to have the vehicle towed to a tow yard, which required Plaintiff GREEN to pay the cost of towing in order to regain possession of the vehicle.

31. Plaintiff ESPINOZA was taken into custody and forcibly placed in handcuffs and shoved into a patrol vehicle. Plaintiff ESPINOZA did not commit any crime. Yet, she was not free to leave and was forced into custody, in violation of her right to be free from unreasonable seizures.

32. Defendant MORAN told Plaintiff ESPINOZA that she would be released and that she should stay by the roadside to use Uber or Lyft to get home to her home in Stockton, California, which was an hour away.

33. Plaintiff ESPINOZA asked Defendant MORAN and Defendant ALVARADO-FLORES if they would leave her, a female, on her own in the dark. She objected to being left alone on a dark roadside after midnight. She asked to at least be taken to a gas station or place with lights.

34. Plaintiff ESPINOZA was distressed, scared, and feared for her safety. She asked why she needed to be in handcuffs and felt uncomfortable being alone with a male officer.

35. Plaintiff ESPINOZA was driven to a dark, empty parking lot by Defendant ALVARADO-FLORES. She walked alone in the dark for about five minutes where she found a Denny's restaurant. During her walk, Plaintiff ESPINOZA feared for her safety and experienced distress and anxiety, because she was walking alone in the dark in the middle of the night, in a place unfamiliar to her. She feared something could have harmed her while she was walking towards the Denny's restaurant.

36. When Plaintiff ESPINOZA arrived at the Denny's restaurant, she observed it was still

FIRST AMENDED COMPLAINT

open but otherwise empty, which added to her fear and anxiety. She then called Plaintiff GREEN'S mother to pick her up and take her home.

37.    Plaintiff ESPINOZA had to wait two hours for Plaintiff GREEN'S mother to arrive, which also added to her fear, anxiety, and emotional distress.

38.    WHEREFORE, Plaintiffs pray judgment against Defendants, each of them, as set forth below:

### FIRST CAUSE OF ACTION:

### Unreasonable Search and Seizure—Search Without a Warrant (42 U.S.C. § 1983)

### (By Plaintiff Green and Against Defendants Moran and Teague)

39.    Plaintiffs repeat and re-allege each allegation.

40.    At all relevant times, Officers MORAN and TEAGUE were on duty and acted under the color of the law.

41.    The Fourth Amendment of the United States Constitution guarantees all person the right to be free from unreasonable searches and seizures as guaranteed under the Fourth Amendment and applies to state actors under the Fourteenth Amendment.

42.    Officer TEAGUE conducted a full body search of Plaintiff GREEN, removing all of the items on his person and place them on top of his car. This search was without reasonable suspicion, probable cause, or consent from Plaintiff GREEN. Plaintiff GREEN was subjected to this search even though neither Defendant MORAN nor TEGAN held any suspicion that any crime was being committed or that Plaintiff GREEN was armed or dangerous—Officer TEAGUE and Officer MORAN appeared to be concerned over a potential traffic violation.

43.    This search violated Plaintiff GREEN'S right to be free from unreasonable searches and seizures.

44.    Further, Officers TEAGUE and MORAN searched Plaintiff Green's car without his consent, reasonable suspicion, or probable cause. Officers TEAGUE and MORAN had no suspicion that Plaintiff GREEN was armed or dangerous in order to justify the search of his vehicle. This second

FIRST AMENDED COMPLAINT

search also violated Plaintiff GREEN'S right to be free from unreasonable searches and seizures.

45. Plaintiff GREEN suffered mental anguish having been deprived of personal property that was unlawfully seized, which was directly and proximately caused by MORAN'S and TEAGUE'S conduct.

46. The conduct of Officers TEAGUE and MORAN was in deliberate indifference to, and in conscious disregard of, Plaintiff GREEN'S rights. The conduct of Officers TEAGUE and MORAN alleged above was willful, wanton, malicious, and done with reckless disregard for the rights of Plaintiff GREEN. This conduct warrants the imposition of exemplary and punitive damages as to Defendants TEAGUE and MORAN.

47. Plaintiff Green seeks all general and special damages proximately caused by Moran and Teague's violation of his civil rights, including compensatory and punitive damages under 42 U.S.C. § 1983.

48. Plaintiff GREEN also seeks attorney fees under this claim.

### SECOND CAUSE OF ACTION:

### Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)

### (By Plaintiffs Green and Espinoza, and Against All Defendants)

49. Plaintiff GREEN and ESPINOZA repeats and re-allege each and every allegation in all preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

50. The Fourth Amendment of the United States Constitution guarantees all person the right to be free from unreasonable searches and seizures and applies to state actors under the Fourteenth Amendment.

51. At all relevant times, Officers TEAGUE, MORAN, and ALVARADO-FLORES were on duty and acted under the color of the law.

52. Officer TEAGUE arrested Plaintiff GREEN for supposedly being under the influence, despite receiving a negative result on the breathalyzer, and having no other basis for believing he was under the influence of any other substance. Plaintiff GREEN was unlawfully arrested and detained

FIRST AMENDED COMPLAINT

without reasonable suspicion or probable cause, violation of his right to be free from unreasonable seizures.

53.     Officer TEAGUE placed handcuffs on Plaintiff GREEN, preventing him from leaving. GREEN was arrested and taken into custody without probable cause. As a result, Officer TEAGUE violated GREEN's right to be secure against unreasonable searches and seizures as guaranteed under the Fourth Amendment and applies to state actors under the Fourteenth Amendment.

54.     Plaintiff GREEN was also booked into Santa Rita Jail and was kept in custody overnight, against his will, and in violation of his constitutional rights to be free from unreasonable seizures. Plaintiff GREEN had not committed any crime. Even Officer TEAGUE'S and MORAN'S suspicion that Plaintiff GREEN was driving under the influence was dispelled after Plaintiff Green tested negatively on the breathalyzer.

55.     Further, Plaintiff ESPINOZA was not permitted to drive the vehicle home. On the contrary, Plaintiff ESPINOZA was detained by Officer ALVARADO-FLORES without probable cause. She was forcibly placed in handcuffs and shoved inside of Defendant's patrol car, restricting her ability to leave. As a result, Officer ALVARADO-FLORES violated Plaintiff ESPINOZA'S right to be secure against unreasonable searches and seizures as guaranteed under the Fourth Amendment and applies to state actors under the Fourteenth Amendment.

56.     Officer ALVARADO-FLORES had no reasonable suspicion or probable cause to think that Plaintiff ESPINOZA had committed a crime, or posed any danger to either of the officers. Despite this, ESPINOZA was prevented from leaving, and was forcibly placed in handcuffs for no legal reason.

57.     Officers TEAGUE, MORAN, and ALVARADO-FLORES refused to let Plaintiffs GREEN and ESPINOZA leave, and detained both Plaintiffs without probable cause. The conduct of Officers TEAGUE, MORAN, and ALVARADO-FLORES was in deliberate indifference to, and in conscious disregard of, Plaintiff GREEN'S and Plaintiff ESPNIOZA'S rights. The conduct of Officers TEAGUE, MORAN, and ALVARADO-FLORES, as alleged above, was willful, wanton, malicious, and done with reckless disregard for the rights of Plaintiffs GREEN and ESPNIOZA. This conduct

-8-
FIRST AMENDED COMPLAINT

warrants the imposition of exemplary and punitive damages as to Defendants TEAGUE and MORAN.

58.    Plaintiffs GREEN and ESPINOZA seek all general and special damages proximately caused by TEAGUE and MORAN'S violation of his civil rights, including compensatory and punitive damages under 42 U.S.C. § 1983.

59.    Plaintiffs GREEN and ESPINOZA also seek attorney fees under this claim.

### THIRD CAUSE OF ACTION:

### False Arrest (Cal. Govt. Code § 820)

### (By Plaintiff Green and Against Defendant Moran and Teague)

60.    Plaintiff GREEN repeats and re-allege each and every allegation in all preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

61.    Defendant MORAN was on duty and acted under the color of the law, within the scope of his duties, intentionally deprived Plaintiff GREEN of his freedom of movement by arresting him without probable cause, forcibly placing him in handcuffs, and booking him into Santa Rita Jail overnight.

62.    Plaintiff GREEN did not knowingly or voluntarily consent to his detention or arrest. Defendants MORAN and TEAGUE deprived GREEN of his liberty without justification.

63.    The conduct of Officers MORAN and TEAGUE was in deliberate indifference to, and in conscious disregard of, Plaintiff GREEN'S rights. The conduct of Officers MORAN and TEAGUE alleged above was willful, wanton, malicious, and done with reckless disregard for the rights of Plaintiff GREEN. This conduct warrants the imposition of exemplary and punitive damages as to Defendants MORAN and TEAGUE ran.

64.    Plaintiffs GREEN seeks all general and special damages proximately caused by MORAN and TEAGUE'S violation of his civil rights, including compensatory and punitive damages under 42 U.S.C. § 1983.

65.    Plaintiffs GREEN also seeks attorney fees under this claim.

FIRST AMENDED COMPLAINT

## FOURTH CAUSE OF ACTION:

### Intentional Inflict of Emotional Distress

### (By Plaintiff Green and Espinoza and Against All Defendants)

66.     Plaintiffs GREEN and ESPINOZA repeat and re-allege each and every allegation in all preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

67.     A person is liable for intentional infliction of emotional distress if his or her conduct is outrageous; the person either intended to cause another emotional distress or acted with reckless disregard of the probability that the other person would suffer emotional distress; the other person suffered severe emotional distress; and the conduct was a substantial factor in causing the emotional distress.

68.     Officer MORAN engaged in extreme and outrageous conduct against Plaintiff GREEN by conducting a full body search of GREEN'S person and a search of GREEN'S car without reasonable suspicion, or probable cause, or any reason to suspect that GREEN was a danger to MORAN'S safety. Further, MORAN placed GREEN in handcuffs, arrested him and booked him into Santa Rita jail, even though GREEN had committed no crime. GREEN had his driver's license taken away which further contributed to his distress.

69.     GREEN suffered severe emotional distress, including but not limited to, anguish, fright, horror, nervousness, grief, anxiety, shock, humiliation, and shame due to defendants' wrongful conduct.

70.     Defendants MORAN and TEAGUE'S acts and omissions was intended by Defendants to cause injury to GREEN.

71.     TEAGUE and ALVARADO-FLORES engaged in extreme and outrageous conduct against Plaintiff ESPINOZA by not permitting her to leave after GREEN was arrested. Further, she was forcibly placed into handcuffs and forcibly seated into a patrol car. Making matters worse, she was not driven to a gas station or a place with lights. She was left alone in a dark parking lot.

72.     Plaintiff ESPINOZA was terrified of being left alone on a dark roadside, alone, and in the middle of the night. She communicated this fear to both officers and objected to being left alone.

-10-

FIRST AMENDED COMPLAINT

Despite this, Defendant ALVARADO-FLORES drove ESPINOZA to a dark parking lot and left her there. ESPINOZA had no choice but to walk alone in the dark.

73. Defendants MORAN, TEAGUE, and ALVARADO-FLORES intentionally inflicted severe emotional distress onto ESPINOZA, including but not limited to, anguish, fright, horror, nervousness, grief, anxiety, shock, humiliation, and shame due to their wrongful conduct.

74. Defendants' acts and omissions were intended to cause injury to GREEN and ESPINOZA, respectively.

### FIFTH CAUSE OF ACTION:

### Violation of Civil Rights (Bane Act—Civ. Code § 52.1)

### (By Plaintiffs Green and Espinoza Against All Defendants)

75. Plaintiff GREEN and Plaintiff ESPINOZA repeat and re-allege each and every allegation in all preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

76. This cause of action is brought pursuant to California Civil Code Section 52.1. This cause of action is to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage, of rights, privileges, and immunities secured by the Constitution and laws of California including, but not limited to, the right to be free from violence and threats of violence.

77. During all times mentioned herein, Defendants, and each of them, separately and in concert, acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the State of California and the California Highway Patrol. Each of the Defendants, separately and in concert, deprived Green and Espinoza of the rights and privileges secured to them by the Constitution and laws of California as alleged herein.

78. Specifically, the conduct of Defendants MORAN, TEAGUE, and ALVARADO-FLORES was within the course and scope of their duties, interfered with or attempted to interfere with the rights of GREEN and ESPINOZA to be free from unreasonable searches and seizures.

79. The conduct of Defendants TEAGUE, MORAN, and ALVARADO-FLORES was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of plaintiffs

-11-

FIRST AMENDED COMPLAINT

entitling plaintiffs to an award of exemplary and punitive damages.

80.    Plaintiffs seek all available remedies available under the Bane Act and Civil Code Section 52.

81.    Plaintiffs also seek attorney fees under this claim.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray for judgment against DEFENDANTS, and each of them, as follows:

On their causes of action against all DEFENDANTS:

1.    For compensatory damages in excess of the jurisdictional limit of the Court under federal and state law, in the amount to be proven at trial;

2.    For special damages in an amount according to proof;

3.    For punitive damages against the individual defendants in an amount to be proven at trial;

4.    For reasonable costs of this suit and attorneys' fees as authorized by law or statute;

5.    For treble damages under Civil Code Section 52.1; and

6.    For such further other relief as the Court may deem just, proper, and appropriate.

DATED:    January 27, 2025.        **BRENT & FIOL, LLP**

By: _____/s/_____
                David Fiol
                Zahra Parekh
                Attorneys for PLAINTIFFS

-12-
FIRST AMENDED COMPLAINT

## DEMAND FOR JURY TRIAL

PLAINTIFFS hereby demand a Jury Trial.


DATED:   January 27, 2025.                    **BRENT & FIOL, LLP**


                              By:_____/s/_____
                                       David Fiol
                                       Zahra Parekh
                                       Attorneys for PLAINTIFFS

-13-
FIRST AMENDED COMPLAINT